UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re GARDEN FRESH RESTAURANTS, LLC,<br><br>Debtor.<br><br>---<br><br>LESLIE T. GLADSTONE, ESQ., as Chapter 7 Trustee of Garden Fresh Restaurants, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; and THE TRAVELERS LLOYDS INSURANCE COMPANY,<br><br>Defendants. | Case No.: 21-CV-1440 JLS (KSC)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE AS MOOT**<br><br>(ECF No. 1) |

Presently before the Court is Defendants Travelers Property Casualty Company of America and The Travelers Lloyds Insurance Company's Motion to Withdraw the Reference (ECF No. 1). Plaintiff Leslie T. Gladstone instituted adversary proceeding No. 21-90043 (the "Adversary Proceeding") in the Chapter 7 case of Garden Fresh Restaurants LLC on June 7, 2021. *See generally Gladstone v. Travelers Prop. Cas. Co. of Am.*, Case

No. 21-90043-LA (Bankr. S.D. Cal. 2021).  Defendants moved pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, and Local Civil Rule 7.1 for withdrawal of the reference to this Court on August 13, 2021.  ECF No. 1.

A party who believes that a proceeding pending in the bankruptcy court should instead be litigated before the district court may move for withdrawal of that reference pursuant to 28 U.S.C. § 157(d).  Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion, or on timely motion of any party for cause shown.  The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

In the underlying Adversary Proceeding, however, Defendants filed a motion to dismiss Plaintiff's first amended complaint on August 30, 2021.  *See Gladstone*, Case No. 21-90043-LA, ECF No. 24.  On January 14, 2022, Defendants notified this Court that the Bankruptcy Court granted Defendants' motion to dismiss with prejudice.  ECF No. 13.  On January 28, 2022, the Bankruptcy Court entered a proposed order pursuant to 28 U.S.C. § 157(c) and Federal Rule of Bankruptcy Procedure 9033 granting Defendants' motion to dismiss Plaintiff's first amended complaint with prejudice.  *See Gladstone*, Case No. 21-90043-LA, ECF No. 51.

A bankruptcy court order dismissing an adversary proceeding moots a motion to withdraw the reference pursuant to 28 U.S.C. § 157.  *In re Lear Corp.*, 418 B.R. 47, 48 (S.D.N.Y. 2009) (dismissing a motion to withdraw the reference as moot where the bankruptcy court had dismissed the underlying adversary proceeding while the motion was pending); *In re Eze*, No. CV 17-11054-IT, 2017 WL 4212338, at *2 (D. Mass. July 6, 2017) (same).

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Here, because the Bankruptcy Court has dismissed the Adversary Proceeding, Defendants' Motion for Withdrawal of Reference is **DENIED AS MOOT**. The Clerk of the Court shall close the file.

    **IT IS SO ORDERED**.

Dated:  February 10, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge