**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: GARDEN FRESH RESTAURANTS, LLC,<br><br>                Debtor,<br><br>LESLIE T. GLADSTONE, Chapter 7 Trustee for Garden Fresh Restaurants, LLC,<br><br>                Plaintiff-Appellant,<br><br> v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; and THE TRAVELERS LLOYDS INSURANCE COMPANY,<br><br>                Defendants-Appellees. | No.   22-56205<br><br>D.C. No.<br>3:21-cv-01440-JLS-KSC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted November 7, 2023[**]
Phoenix, Arizona

---

      [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

Before:  COLLINS and HAWKINS, Circuit Judges, and SEEBORG,[***] District Judge.

     Plaintiff Leslie T. Gladstone is the Chapter 7 Trustee for Garden Fresh Restaurants, LLC. Defendants are, collectively, Travelers Property Casualty Company of America and Travelers Lloyds Insurance Company. Plaintiff bought a commercial insurance policy from Defendants spanning the period of April 1, 2019 to April 1, 2020. Plaintiff now seeks insurance coverage of business losses stemming from the COVID-19 pandemic. Plaintiff appeals from the district court's order dismissing her complaint with prejudice.

     We have jurisdiction under 28 U.S.C. § 1291. An appellate court reviews de novo an order granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998). The factual allegations in the complaint are accepted as true and construed in the light most favorable to the Plaintiff. *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017).

     We affirm the district court's dismissal of Plaintiff's complaint. Plaintiff contends that Defendants must cover business losses arising from COVID-19. However, the insurance policy contains a virus exclusion provision that bars coverage for "loss or damage caused directly or indirectly by…[a]ny virus,

---

[***] The Honorable Richard Seeborg, Chief United States District Judge for the Northern District of California, sitting by designation.

bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." This provision bars coverage of the losses Plaintiff alleges. *See Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 893 (9th Cir. 2021).

Plaintiff fails plausibly to aver that anything other than the COVID-19 pandemic is the efficient proximate cause of the losses. *See Mudpie*, 15 F.4th at 894 (citation omitted). Furthermore, California has not adopted the doctrine of regulatory estoppel, so we reject Plaintiff's argument that the virus exclusion provision is unenforceable. Because the virus exclusion provision serves as an independent basis to affirm the district court, we need not reach Plaintiff's contention that COVID-19 caused direct physical loss or damage to the insured property, but we note that the Ninth Circuit has certified that question to the California Supreme Court in *Another Planet, Entertainment LLC v. Vigilant Insurance Co.*, 56 F.4th 730 (9th Cir. 2022). No additional question need be certified to the California Supreme Court.

The virus exclusion provision independently bars coverage of Plaintiff's losses. The district court's grant of Defendants' motion to dismiss is **AFFIRMED**.